IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GARLAND A. LEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-00477-CV-W-NKL-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff Garland A. Lee ("Lee") challenges the Social Security Commissioner's denial of Supplemental Security Income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 1381, *et seq.* [Doc. # 4]. Specifically, Lee asserts that the Administrative Law Judge ("ALJ") failed to find that Lee's impairments met the requirements of Listing § 12.05(C)- Mental Retardation. Having jurisdiction under 42 U.S.C. § 405(g), this Court finds that the Eighth Circuit's holding in *Maresh v. Barnhart*, 438 F.3d 897 (8th Cir. 2006), controls the facts of this case; the ALJ failed to properly analyze the requirements of Listing § 12.05(C). The Commissioner's decision is reversed and this Court remands with instructions to award benefits.

**I.  Factual Background**

The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary.[1] On October 13, 2004, at age 31, Lee filed an application for Supplemental Security Income benefits.[2] He alleged disability due to mental retardation. Lee's mental and intellectual impairments started early in life. While in the Kansas City, Missouri, school system, Lee was enrolled in a program for the "educable mentally handicapped" and functioned significantly below his grade level before he dropped out of school at age 14. (Tr. 184-85). In 1985, intelligence tests showed Lee had a verbal IQ of 67, a performance IQ of 88 and a full scale IQ of 76. (Tr. 185). Intelligence tests administered in 2003 by Dr. Keith L. Allen resulted in a verbal IQ of 69 and full scale intelligence of 69. (Tr. 189). Lee is frequently homeless; he has only maintained temporary employment from which he has been dismissed for failure to remember or comprehend basic tasks; and, he is unable to read or complete basic household chores. (Tr. 89, 56-59, 315).

After his initial application was denied, he requested a hearing before an ALJ. On January 23, 2007, following a hearing, the ALJ found Lee was not disabled as defined by the Act. On May 4, 2007, the Appeals Council of the Social Security Administration denied Lee's request for review. The ALJ found Lee had borderline intellectual functioning with a learning disorder; depression; and a personality disorder. However, the ALJ found that these impairments did not meet "any listing level of severity." (Tr. 18). The ALJ determined that,

---

[1]Portions of the parties' briefs are adopted without quotation designated.

[2]This application was subsequently consolidated with another application dated January 12, 2005.

2

because Lee was "capable of performing three of his past relevant jobs[,] he is therefore not disabled within the meaning of the Social Security Act . . . ." (Tr. 15).

The ALJ took into account Lee's 1985 IQ test results, noting the only very low score was his verbal IQ, but this was not sufficient evidence that Lee could not work as he had earned $48,000 between 1997 and 2000. (Tr. 16). Additionally, the ALJ noted that no treating, examining or reviewing physician has opined that Lee is disabled. (Tr. 17). One examiner, Michael S. Schwartz, Ph.D., "noted that [Lee's] driver's license indicated that he weighs 160 pounds." The ALJ therefore found incredible Lee's claimed functional illiteracy presumably because Lee could read and sit for a driver's licensing exam. (Tr. 17). The ALJ also noted Richard Kaspar, Ph.D., found that the record was consistent with "mild restriction in activities of daily living" and Lee showed no evidence "of any decompensation of extended duration or 'C' criteria." (Tr. 17). The ALJ noted that Lee "appeared somewhat slow intellectually" at his hearing.

In reaching its decision, the ALJ also took into consideration Lee's varying degrees of depression, "not otherwise specified." The ALJ recognized that other examiners had diagnosed Lee with a personality disorder, but concluded that the effects of the disorder were "consistent with no more than a mild restriction in activities of daily living." The ALJ posed a hypothetical which included Lee's borderline intellectual functioning to Amy Salva, a vocational rehabilitation consultant. Ms. Salva stated that, based upon the information included in the ALJ's hypothetical, an individual with Lee's restrictions could perform his past relevant work as a packer, warehouse laborer, or assembly worker. Based on this

3

information, along with Lee's age, educational background, work experience, and residual functional capacity, the ALJ found Lee was not disabled as defined by the Act.

## II. Discussion

In reviewing the Commissioner's denial of benefits, this Court considers whether the ALJ's decision is supported by substantial evidence on the record as a whole. *See Travis v. Astrue*, 477 F.3d 1037, 1040 (8th Cir. 2007). "Substantial evidence is evidence that a reasonable mind would find adequate to support the ALJ's conclusion." *Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007). The Court will uphold the denial of benefits so long as the ALJ's decision falls within the available "zone of choices." *See Casey v. Astrue*, No. 06-3841, 2007 WL 2873647, at *1 (8th Cir. Oct. 4, 2007). "An ALJ's decision is not outside the 'zone of choice' simply because we might have reached a different conclusion had we been the initial finder of fact." *Id.* (quoting *Nicola*, 480 F.3d at 886). The ALJ based this determination on the inconsistencies of Lee's testimony in light of the reports of treating, examining and reviewing practitioners and the telephone testimony of Dr. Kaspar. Additionally, the ALJ explained that Lee had no physical limitations. (Tr. 17).

Lee argues that the ALJ's decision should be overturned strictly on analysis under Listing § 12.05(C). If Lee shows by substantial evidence that he qualifies as disabled under that analysis, the inquiry ends and the Commissioner may not go on to steps four and five which require findings as to the applicant's age, education or past work experience. 20 C.F.R. § 404.1520(a)(4). In order to be considered disabled under Listing §12.05(C), the applicant must show: (1) the onset of the [mental or intellectual] impairment before age 22; (2) a valid

4

verbal performance or full scale IQ of 60 through 70; and (3) a physical or other mental impairment imposing an additional and significant work-related limit of function. *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006).

While the ALJ mentioned Listing § 12.05(C), he went no further than to find it "not applicable in this case" while mentioning Lee's verbal IQ of 67. (Tr. 16). On January 6, 2003, Dr. Keith L. Allen administered an intelligence test to Lee finding a verbal and full scale IQ of 69. (Tr. 189). The Commissioner asserts without authority that the ALJ could disregard Lee's verbal IQ because in 1985 his performance IQ was 88. The language of Listing § 12.05(C) is clear: the applicant needs only one score - verbal, performance or full scale - between 60 and 70. Even if the ALJ could disregard the 1985 tests, he could not also disregard Dr. Allen's evaluation. Alternatively, the Commissioner argues that Lee's work history may be used to rebut any conclusions drawn as to the relationship between IQ and disability. The Eighth Circuit has specifically determined that the ability to perform gainful activity is not relevant to the determination as to whether the applicant has an impairment under Listing § 12.05(C). *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006). Lee has established that he meets the second prong of the Listing § 12.05(C) analysis.

Similarly, Lee has established the onset of his impairment before age 22. Lee's school records demonstrate subaverage general intellectual functioning at an early age. Lee was enrolled in a program for the "educable mentally handicapped" and functioned significantly below his grade level before he dropped out of school at age 14. (Tr. 184-85). The Commissioner responds only that no physician or psychologist made a finding as to Lee's

5

mental retardation. However, the Eighth Circuit has specifically ruled that Listing § 12.05(C) does not require a formal diagnosis of mental retardation. *Maresh v. Barnhart*, 438 F.3d 897, 899 (8th Cir. 2006). Lee is frequently homeless; he has only maintained temporary employment from which he has been dismissed for failure to remember or comprehend basic tasks; and he is unable to read or complete basic household chores. (Tr. 89, 56-59, 315). The ALJ mistakenly concluded that Lee had a driver's license and could therefore read; Lee instead has a Kansas picture identification card. (Tr. 17, 248). The evidence supports Lee's claim to functional illiteracy and the onset of Lee's impairment before age 22.

In order to meet the final requirement of Listing § 12.05(C), Lee must show that he has a physical or other mental impairment imposing an additional and significant work-related limit of function. This "work-related limitation of function" must be only more than slight or minimal. *Cook v. Bowen*, 797 F.2d 687 (8th Cir. 2006). In *Maresh*, this requirement was met when the applicant's work record demonstrated short terms of employment due to difficulties with supervisors, coworkers or anger management. *Id*. at 900.

Lee has been diagnosed with Adjustment Disorder, Antisocial Personality Disorder, Borderline Intellectual Functioning, Polysubstance Dependence in sustained remission, Alcohol Dependence in early remission, Impulse Control Disorder, Learning Disorder, suspected Bipolar Disorder, and suspected Social Phobia. (Tr. 192, 247, 321). Lee is functionally illiterate, reading and writing at only a first grade level. (Tr. 190). Lee's work history consists of only temporary positions, only one of which lasted longer than three months. (Tr. 303). He testified as to specific instances where he had been sent home

6

after being unable to remember necessary job functions. (Tr. 119-26, 248-49, 304, 313). He also described problems with interpersonal communication and anger management issues. (Tr. 273). Lee has established that he has a "work-related limitation of function" that is more than slight or minimal.

The Court finds that the ALJ erred in concluding that Listing § 12.05(C) was inapplicable to Lee's case. The ALJ clearly based his denial of benefits on Lee's past work experience which he could not consider unless performing a step-by-step analysis of Listing § 12.05(C). The record suggests he did not do so. *See* 20 C.F.R. §404.1520(a)(4). Because substantial evidence supports a finding that Lee meets each of the three requirements to qualify for disability under Listing § 12.05(C), this Court reverses the decision of the ALJ.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Lee's petition [Doc. # 4] is GRANTED. The decision of the ALJ is REVERSED and the case is REMANDED with instructions to award benefits.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: February 4, 2008  
Jefferson City, Missouri